## City of Marion v. Martin W. Robertson.

1. CITIES AND VILLAGES—*Validity of Ordinances.*—Cities and villages incorporated under the general law have no power to pass an ordinance providing that no building or structure of any kind shall be erected on any lot fronting or joining the public square, or on any street or alley within 170 feet thereof, unless such building or structure or the outside walls thereof shall be composed of stone or brick. And that all buildings erected within such limits shall have outside walls of not less than twelve inches in thickness, and if more than one story in height above the basement, the wall above the second story, except front and rear walls, to at least twelve inches above the roof.

2. SAME—*Ordinances Ultra Vires.*—An ordinance of a city incorporated under the general law which prohibits the erection of a building, unless such building or the outside walls thereof shall be composed of brick or stone, is broader than is authorized by Sections 61 and 62 of Chapter 24, R. S., and is *ultra vires.*

**Suit to Recover a Fine** for a violation of a city ordinance. Trial in the Circuit Court of Williamson County, on appeal from a justice of the peace; the Hon. ALONZO K. VICKERS, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

CLEMENS & WARDER, attorneys for appellant.

The ordinance may be too comprehensive in its provisions and cover cases which the city has no power to control, but that is no reason why the court should refuse to enforce it in cases over which the power of the city is unquestionable. Kettering v. The City of Jacksonville, 50 Ill. 41; Donnersberger v. Pendergrast, 128 Ill. 230; Walker v. The People, 170 Ill. 413; City of Quincy v. Warfield, 25 Ill. 317; White v. City of Alton, 149 Ill. 626.

YOUNG & MORRIS and A. J. KIMMEL, attorneys for appellee.

The legislature confers the right on cities and villages to establish fire limits, within which wooden buildings shall not be erected or repaired. Subsection 62 of Sec. 62, Art. V, Chap. 24, R. S. 1897.

The powers of public corporations are either expressed or implied; express powers are the legislative act under which they exist, conferred and expressed in terms. Cooley's Const. Lim. (3d Ed.) 194.

The power of municipal corporations to make by-laws is controlled by the Constitution of the United States and of the State which creates them, and must be in harmony with the general laws of the State and the provisions of the charter; if in conflict with either, the by-law must give way. Cooley's Const. Lim. (3d Ed.) 198, 199.

Municipal by-laws must also be reasonable; whenever they appear not to be so the court must, as a matter of law, declare them void. Ibid. 200. Petersburg v. Metzker, 21 Ill. 205.

By the act relating to municipal institutions the corporation of Loronto was authorized to pass by-laws, among other things, to prevent the erection of wooden buildings within such parts of the city as the corporation might define. The city council accordingly passed a by-law defining what were termed the fire limits of the city, and prohibiting the erection of any building within such limits other than of stone, brick, iron or other material of an incombustible nature. Held, that the by-law was void. The Attorney General v. Campbell, 19 Grant's Ch. Rep. 1872, 1873, p. 299.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This was a suit to recover a fine for the violation of a city ordinance, commenced before a justice, where a fine was imposed. Upon appeal to the Circuit Court an objection to the introduction of the ordinance in evidence was maintained, and the jury instructed to find for appellee. The question involved in the appeal is the validity of the ordinance.

The complaint charges appellee with "violation of Sections 1 to 6 of Ordinance 17 of the city of Marion, * * by erecting a part of a building in said city within less

than 170 feet of the public square ; * * * the outer walls thereof are neither brick nor stone."

The only evidence offered was Ordinance No. 17, Sections 1 to 6, inclusive, and Section 1 of Ordinance No. 40, which is an amendment of Section 2 of Ordinance No. 17.

It does not appear from the complaint nor from the evidence what material appellee used in erecting "a part of a building." The sole charge is that "the outer walls are neither brick nor stone." This being a suit to recover a penalty, a clear violation of a valid ordinance must be proven.

The sixty-first and sixty-second clauses of Section 82, Chapter 24, of the Revised Statutes (Hurd's edition), entitled "Cities, Villages and Towns," conferring powers on municipal corporations, reads as follows :

"Sixty-first.—To prescribe the thickness, strength and manner of constructing stone, brick and other buildings, and construction of fire escapes therein.

"Sixty-second.—The city council and the president and trustees in villages, for the purpose of guarding against the calamities of fire, shall have power to prescribe the limits within which wooden buildings shall not be erected or placed or repaired, without permission, and to direct that all and any new buildings within the fire limits, when the same shall have been damaged by fire, decay or otherwise, to the extent of fifty per cent of the value, shall be torn down or removed, and to prescribe the manner of ascertaining such damage."

The sections of Ordinance No. 17, as amended by Ordinance No. 40, offered, material to be considered, is as follows :

"No building or structure of any kind or description shall be erected or constructed on any lot or block, or any fraction of any lot or block, fronting or joining the public square, or within 170 feet of the public square, nor shall there be erected or constructed any building or structure of any kind on any street or alley within 170 feet of the public square, *unless such building or structure, or the outside walls thereof, shall be composed of stone or brick,* and all buildings which may hereafter be erected within the limits above mentioned shall have outside walls of not less than twelve inches in thickness, and if any building shall be

116    APPELLATE COURTS OF ILLINOIS.

more than one story in height above the basement, the wall above the second story, except front and rear walls, shall extend at least twelve inches above the roof."

It is conceded by appellant that the portion of section 2 which prohibits the erection of any building, "unless such building or structure or the outside walls thereof shall be composed of brick or stone," is broader than is authorized by sections 61 and 62 of chapter 24, cited *supra*. This being so, that portion of the ordinance is *ultra vires* and invalid. But appellant insists that other sections of the ordinance are authorized and valid and that appellee might be convicted for their violation. This might be true if the complaint charged him with the violation of these sections. But it does not. It charges appellee with erecting a portion of a building whose "outer walls are neither brick nor stone." In other words, the complaint charges appellee with violating a section of an ordinance that the city council had no authority to pass. Judgment affirmed.